## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER WILSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 1:23-cv-00184-SLC** |
| | ) | |
| **JOSEPH HUTTER,** *Allen County* | ) | |
| ***Building Commissioner*, sued in the** | ) | |
| ***individual and official capacity, et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### OPINION AND ORDER

Before the Court is Defendants' motion to compel filed on May 29, 2024 (ECF 95),
seeking to compel *pro se* Plaintiff to fully respond to their First Request for Production of
Documents (ECF 31) and First Set of Interrogatories and Request for Admissions and Second
Set of Requests for Production of Documents and Things (ECF 83). Plaintiff has not responded
to the motion, and his time to do so has passed. N.D. Ind. L.R. 7-1(d)(3). For the following
reasons, Defendants' motion to compel will be GRANTED IN PART and DENIED IN PART.

### A. Procedural Background

Plaintiff, an electrician, filed this action against Defendants, asserting they violated his
constitutional rights when the Allen County Building Department revoked his Master Electrician
designation and the Electrical Contractors license of his business, AEY Electrical Service, LLC
("AEY"), and placed a condition on and denied AEY certain permits. (ECF 7). Plaintiff and
Defendants are currently engaged in the discovery process, which closes on September 16, 2024.
(ECF 21, 93, 97).

Defendants served their First Request for Production of Documents to Plaintiff on September 15, 2023, which sought documents relating to Plaintiff individually, AEY, and Near Me Electric, LLC ("Near Me"), a business Plaintiff started when AEY closed. (ECF 31). After requesting and being afforded an extension of time (ECF 41, 43, 44), Plaintiff responded to this discovery request on November 27, 2023, producing some responsive documents (though the documents were unlabeled) and objecting to others on the grounds of relevancy, that the requests were overly burdensome, or that the requested information does not exist. (ECF 52; *see* ECF 95-6 at 3). Defendants sent Plaintiff a letter on January 24, 2024, to address their concerns about his discovery responses and then conferred with him by telephone on February 6, 2024. (ECF 95-1 ¶¶ 6, 7; ECF 95-2). Plaintiff agreed to provide additional information to Defendants' counsel, but instructed counsel to obtain the requested information about Near Me from his wife, Jenifer Wilson. (ECF 94-1 ¶ 7).[1]

Defendants served their First Set of Interrogatories and Request for Admissions and Second Set of Requests for Production of Documents and Things to Plaintiff on February 22, 2024. (ECF 83). Plaintiff answered the interrogatories and produced some documents relating thereto on February 26, 2024, but failed to respond at all to the requests for admission and the second set of requests for production of documents. (ECF 84). On March 12, 2024, Defendants' counsel sent Plaintiff a letter and email that included tax authorization forms for Plaintiff to sign and return. (ECF 95-1 ¶ 10; ECF 95-3). On April 4, 2024, counsel sent another letter reminding Plaintiff of the tax authorization forms and also requesting supplemental information responsive to Defendants' First Set of Interrogatories and Request for Admissions and Second Set of

---

[1] Defendants then served "Near Me Electric, LLC c/o Jenifer Wilson" with a non-party subpoena and subsequently filed a separate motion to compel Near Me when it failed to respond to the subpoena. (ECF 94, 99). The Court has already addressed the motion to compel Near Me via separate Order. (ECF 100).

Requests for Production of Documents and Things. (ECF 95-1 ¶ 11; ECF 95-4). Defendants' counsel followed up with another letter on May 8, 2024, regarding Plaintiff's overdue discovery responses. (ECF 95-1 ¶ 12; ECF 95-5).

When filing the motion to compel on May 29, 2024, Defendants represented that they have not received any supplemental information to their First Request for Production of Documents, and that Plaintiff has not fully responded to their First Set of Interrogatories and Request for Admissions and Second Set of Requests for Production of Documents and Things. (ECF 95-1 ¶ 13).

### B. Applicable Law

Under Federal Rule of Civil Procedure 26(b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

A party may file a motion to compel under Rule 37 when the responding party is evasive or provides incomplete disclosures or answers. Fed. R. Civ. P. 37(a)(1). The moving party generally bears the burden of proving that the discovery it is seeking is relevant to the case. *See United States v. Lake Cnty. Bd. of Comm'rs*, No. 2:04 CV 415, 2006 WL 978882, at *1 (N.D. Ind. Apr. 7, 2006). "The party opposing discovery has the burden of proving that the requested discovery should be disallowed." *Bd. of Trs. of the Univ. of Ill. v. Micron Tech., Inc.*, No. 2:11-cv-02288-SLD-JEH, 2016 WL 4132182, at *3 (C.D. Ill. Aug. 3, 2016) (collecting cases).

### C. Discussion

Defendants have adequately attempted to confer in good faith with Plaintiff in an effort to resolve this matter without Court action. (ECF 95-1 to 95-5); *see* Fed. R. Civ. P. 37(a)(1); N.D.

Ind. L.R. 37-1(a). While Plaintiff did participate in a conference with Defendants' counsel on February 6, 2024, about the First Request for Production of Documents, Plaintiff has since seemingly ignored Defendants' letters following up on the requested discovery. Nor did Plaintiff file a response in opposition to the motion to compel, and his time to do so has passed.

Consequently, given Plaintiff's lack of response, the motion to compel (ECF 95) will be granted in part and denied in part. As to Defendants' First Request for Production of Documents (ECF 31), Plaintiff must provide any supplemental responsive documents in his "possession, custody, or control," Fed. R. Civ. P. 34(a); *see E.E.O.C. v. Heart of CarDon, LLC*, 339 F.R.D. 602, 606 (S.D. Ind. 2021), in response to Request Nos. 1 through 11 and 34 through 50 that relate to Plaintiff individually. The motion to compel, however, will be denied as to Request Nos. 12 through 50 to the extent they relate to AEY or Near Me. These limited liability companies are not parties to this litigation, and to the extent any of the requested documents may be relevant, the documents must be obtained through a non-party subpoena in accordance with Federal Rule of Civil Procedure 45.

The motion to compel will be further granted as to Interrogatory No. 2 of Defendants' First Set of Interrogatories (ECF 83) but not Interrogatories 1, 3, and 4, which Plaintiff has adequately answered. The motion will also be granted as to Defendants' Request for Admissions and Second Set of Requests for Production of Documents and Things (*id.*), to which Plaintiff failed to respond.

*D. Conclusion*

For the foregoing reasons, Defendants' unopposed motion to compel discovery responses from Plaintiff (ECF 95) is GRANTED IN PART and DENIED IN PART as set forth herein. Plaintiff is ORDERED to on or before August 21, 2024: (1) produce any additional documents in his possession, custody, or control that are responsive to Request Nos. 1 through 11 and 34 through 50 of Defendants' First Request for Production of Documents (ECF 31) that relate to Plaintiff individually; (2) supplement his answer to Interrogatory No. 2 of Defendants' First Set of Interrogatories (ECF 83); and (3) answer Defendants' Request for Admissions and produce all documents responsive to Defendants' Second Set of Requests for Production of Documents and Things (ECF 83).

SO ORDERED.

Entered this 7th day of August 2024.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge