**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER WILSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:23-cv-00184-HAB-ALT** |
| | ) | |
| **JOSEPH HUTTER,** *Allen County* | ) | |
| ***Building Commissioner, sued in the*** | ) | |
| *individual and official capacity, et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

*Pro se* Plaintiff Christopher Wilson, an electrician, advanced a host of claims in this case filed against Defendants in May 2023, asserting they violated his constitutional rights when the Allen County Building Department ("ACBD") revoked his Master Electrician license and the Electrical Contractors license of his business, AEY Electrical Service, LLC ("AEY") and placed a condition on and denied AEY certain permits. (ECF 1, 7; *see also* ECF 23, 51, 58). As a result of the Court's screening order and two dispositive motions rulings (*see* ECF 8, 102, 130),[1] the only claims remaining in this case are Wilson's procedural due process claims under the Fourteenth Amendment and 42 U.S.C. § 1983 against Defendants Hutter and Brelje in their individual capacities, and the Allen County Board of Commissioners. (*See* ECF 130 at 14).

Due to Wilson's disregard for this Court's Orders and his apparent disinterest in pursuing these remaining claims, the Court will *sua sponte* dismiss Wilson's remaining claims with

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge (*see* ECF 15, 17), and on August 18, 2023, the case was reassigned to Magistrate Judge Susan J. Collins as the presider (ECF 17). On July 7, 2025, the case was reassigned to the undersigned Magistrate Judge due to the retirement of Judge Collins. (ECF 129).

prejudice as a sanction under Federal Rule of Civil Procedure 16(f) and for failure to prosecute under Federal Rule of Civil Procedure 41(b).

## I. FACTUAL AND PROCEDURAL BACKGROUND

Wilson commenced this case against Defendants on May 3, 2023, and filed a seven-count amended complaint one month later. (ECF 1, 7). Defendant ACBD was dismissed at the outset in the Court's screening order (ECF 8), and Defendants Brockhouse and Krauhs were later dismissed by stipulation of the parties. (ECF 79, 82, 108, 109). Thereafter, only Defendants Hutter, Brelje, and the Allen County Board of Commissioners remained.

On August 21, 2023, Judge Collins held a preliminary pretrial conference and entered a Scheduling Order, setting April 19, 2024, for the completion of all discovery, which was later extended to June 3, 2025, for all fact discovery, and July 21, 2025, for all expert discovery; and May 20, 2024, for the filing of dispositive motions, which was later extended to July 3, 2025. (ECF 20, 21, 93, 97, 110, 116, 123).

In September 2023, Wilson moved for summary judgment on Counts 1, 3, 4, and 5 of his amended complaint (ECF 25), and Defendants responded in kind with a cross-motion for summary judgment on these Counts (ECF 59). On August 7, 2024, Judge Collins denied Wilson's motion for partial summary judgment but granted him leave to file a separate summary judgment motion by the dispositive motions deadline as to certain claims. (ECF 102). Judge Collins also granted in part and denied in part Defendants' cross-motion for summary judgment, dismissing Counts 1 and 3 because they advanced claims arising out of actions taken against AEY, who is not a named plaintiff in this case, and afforded Defendants leave to file a second summary judgment motion as to certain claims. (*Id.*).

On April 3, 2025, Defendants filed a second motion for summary judgment. (ECF 119). After Wilson failed to timely respond to the motion, Judge Collins set a status conference for June 2, 2025. (ECF 124, 125). Wilson, however, failed to appear at the status conference, and thus, Judge Collins set a show-cause hearing and status conference for June 25, 2025, ordering Wilson to appear in person. (ECF

2

126; *see also* ECF 127). A copy of this docket entry was sent to Wilson at his address of record. (ECF 126). The Court also mailed Wilson a Notice and Order on June 6, 2025, informing him of the June 25, 2025, show-cause hearing and status conference and warning him that if he failed to timely appear in person at the hearing and conference, "additional sanctions may issue, UP TO AND INCLUDING MONETARY FINES AND DISMISSAL OF THIS LAWSUIT." (ECF 127).

Wilson appeared at the June 25, 2025, hearing and status conference and requested an additional thirty days within which to file a response to Defendants' second motion for summary judgment. (ECF 128). In open court, Judge Collins granted Wilson the extension despite his belated request, affording him to and including July 25, 2025, to file a response to the motion. (*Id.*). A copy of this docket entry was also mailed to Wilson at his address of record. (*Id.*). Wilson, however, failed to file a response to Defendants' second summary judgment motion. Nor did Wilson file his own second motion for summary judgment by the dispositive motions deadline of July 25, 2025.

As stated earlier, this case was reassigned to me on July 7, 2025. (ECF 129). On March 4, 2026, I issued an Opinion and Order granting in part and denying in part Defendants' second motion for summary judgment, identifying the sole remaining claims as Wilson's procedural due process claims under the Fourteenth Amendment and 42 U.S.C. § 1983 against Defendants Hutter and Brelje in their individual capacities, and the Allen County Board of Commissioners. (ECF 130). A copy of this entry was mailed to Wilson at his address of record. (*Id.*).

On March 5, 2026, the Court set a status and scheduling conference for March 31, 2026, at 10:00am, ordering the parties to appear in person. (ECF 131). A copy of the entry setting the conference was mailed to Wilson at his address of record. (*Id.*).

At the status and scheduling conference on March 31, 2026, Defendants appeared by counsel, but Wilson failed to appear. (ECF 132). Therefore, the conference could not go forward. Later that same day, the Court issued Wilson a second Show-Cause Order, ordering him to show cause on or before April 21, 2026, why he failed to comply with the Court's March 5, 2026, Order and timely appear at the status and

scheduling conference on March 31, 2026. (ECF 133). Wilson was warned in the Show-Cause Order that "if he fails to timely [show cause], sanctions will issue, UP TO AND INCLUDING MONETARY FINES AND DISMISSAL OF THIS LAWSUIT." (*Id.* at 2 (footnote omitted)). The April 21, 2026, deadline has now come and gone without a filing from Wilson.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 16(f)(1) provides that the Court may, on its own motion, "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party … (A) fails to appear at a scheduling or other pretrial conference; … or (C) fails to obey a scheduling or other pretrial order." Specifically, Rule 37(b)(2)(A)(v) authorizes the Court to dismiss an action, in whole or part, as a sanction for failing to comply with a court order. The "ultimate sanction [of dismissal] is reserved for cases in which the offending party has demonstrated [willfulness], bad faith, or fault." *Long v. Steepro*, 213 F.3d 983, 986 (7th Cir. 2000) (citation omitted).

Further, "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Additionally, district courts have the authority to dismiss actions for failure to prosecute *sua sponte* as "an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005) (citation and internal quotation marks omitted). That is, "[d]istrict courts have the power to control their dockets, and there comes a point when disregard of court rules and orders becomes so serious that sanctions, including dismissing a case *sua sponte,* are in order." *Alexander v. Casino Queen Inc.*, 321 F. App'x 509, 511 (7th Cir. 2009) (citations omitted).

"The sanction of dismissal is appropriate only in extreme situations when there is a clear

record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *English v. Cowell,* 969 F.2d 465, 473 (7th Cir.1992) (citations and internal quotation marks omitted). "The criteria for sanctions under Rules 16(f), 37(b), and 41(b) are the same." *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (collecting cases).

### III. DISCUSSION

Despite this Court's Orders, Wilson failed to: (1) respond to Defendants' second summary judgment motion by July 25, 2025 (ECF 128); (2) appear at the status and scheduling conference on March 31, 2026 (ECF 132); and failed to show cause by April 21, 2026, for his failure to appear on March 31, 2026 (ECF 133). This alone warrants sanctions under Rule 16(f)(1)(A) up to and including involuntary dismissal. *See Lucien*, 9 F.3d at 29 ("A determination that by disobeying [an order to appear at a hearing] the plaintiff failed to prosecute his suit and that the suit should be dismissed with prejudice as a sanction for that failure is equivalent to a determination that the disobedience of such an order should be visited with the sanction of dismissal by the force of Rule 37(b) directly or as incorporated into Rule 16 ….").

Further, Wilson's repeated failures to prosecute this case and appear when ordered is contumacious conduct warranting dismissal of this case pursuant to Rule 41(b) and the Court's "inherent power" to manage its own affairs "so as to achieve the orderly and expeditious disposition" of this case. *James*, 417 F.3d at 681 (citation omitted); *see also Johnson v. Berrien Cnty. Mich.*, No. 3:19-cv-106 DRL-MGG, 2020 WL 5258261, at *1 (N.D. Ind. Sept. 3, 2020) ("After a record of repeated and unexcused noncompliance, and opportunities to be heard, the court's decision at this point is straightforward: this case is dismissed with prejudice …."); *Renehan v. Soc. Sec. Admin.*, No. 1:19-cv-04643-JRS-TAB, 2020 WL 6681636, at *1 (S.D. Ind. Nov. 12, 2020) ("[T]his matter should be dismissed without prejudice based on Plaintiff's failure

5

to respond in any meaningful way to the two successive show cause orders requiring him to show that he had effected service on Defendants.").

While the Seventh Circuit Court of Appeals has often required that fair notice be given to a party or its attorney before dismissal, *see Ball v. City of Chi.*, 2 F.3d 752, 755-56 (7th Cir. 1993), the Court explicitly warned Wilson in its Show-Cause Order dated March 31, 2026, that his claims may be dismissed if he failed to appear at the April 21, 2026, show-cause hearing and status conference (ECF 133). This was the second show-cause Order issued to Wilson due to his failure to appear at Court proceedings in this case. (*See* 127). As such, the Court has explicitly warned Wilson of the possibility of dismissal of his claims.

Furthermore, the Court has not received any returned mailings that were sent to Wilson at his address of record, which suggests that his address is still current. But even if he has moved, a change of address or mail delays are not valid excuses for missing a status conference or hearing. "The demand that plaintiffs provide contact information is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit." *Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006) (citation omitted). "[L]itigants … bear the burden of filing notice of a change of address …." *Snyder v. Nolen*, 380 F.3d 279, 285 (7th Cir. 2004) (citation and quotation marks omitted). And even if Wilson's address of record is no longer current, he could have attempted to determine the status of this case by visiting the Clerk's office or by checking the online docket. Consequently, I see no need to further delay the dismissal of this action.

### IV. CONCLUSION

For the foregoing reasons, the Court *sua sponte* DISMISSES Willson's remaining claims WITH PREJUDICE pursuant to Federal Rules of Civil Procedure 16(f)(1) and 41(b) and the Court's inherent power to manage its own affairs as a result of Wilson's failure to attend the

scheduling and status conference on March 31, 2026; his failure to show-cause for missing the show-cause hearing and status conference on March 31, 2026; and to otherwise prosecute his case. The Clerk is directed to send a copy of this Opinion and Order to Wilson at his address of record and close this case.

SO ORDERED.

Entered this 28th day of April 2026.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge

7